# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 11-9010-MC-C-NKL |
| ) | |
| DANIEAL H. MILLER, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

A petition to enforce an Internal Revenue Service ("IRS") summons was filed by the United States of America on June 2, 2011.[1]  Respondent Danieal H. Miller filed an answer to the petition on November 9, 2011.

On November 8, 2011, the Government filed a motion for an order to show cause why respondent should not be ordered to obey the IRS summons.  Respondent did not respond to the Government's motion.

On December 5, 2011, the Court entered an order directing respondent to appear before the undersigned on January 30, 2012, to show cause why the IRS summons should not be enforced.  Respondent appeared in person on January 30, 2012.[2]

At the hearing, Mr. Miller asserted that the documents and information requested in the IRS summons were protected by privilege, and requested leave of court to submit a brief in support of his claim of privilege.  Respondent was granted leave to file a brief in support of his position.  Respondent's brief was filed on February 21, 2012.  The Government filed its response to respondent's brief on March 6, 2012.

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

[2]Record was made of this court proceeding.

A hearing was held on April 9, 2012, to address respondent's assertion of privilege and after consideration, respondent was ordered to comply with the IRS summons and provide the requested information and documents to the IRS agent assigned to this case. Respondent was advised that any assertion of privilege as to the information and documents requested by the IRS summons be made with particularity, specifically identifying the information or documents to which a defense of privilege is being asserted. Respondent was further advised that a general assertion of privilege would be denied. Respondent, an attorney licensed to practice in the State of Missouri and this Court, continues to refuse to comply with the IRS summons and continues to defy the orders of this Court. He has failed to file with the Court any motion for an in-camera review of documents and/or information which he asserts is privileged.

The parties filed status reports on May 1, 2 and 3, 2012. Respondent's objections are not persuasive. The Government has clearly made the "minimal showing" necessary to establish a prima facie case for enforcement of a summons. Respondent has clearly not met his "heavy burden" necessary to demonstrate that the summons was issued for an improper purpose or was otherwise deficient.

## I. Findings of Fact

1. Officer Robert E. Rogers is employed as a Revenue Officer with the Internal Revenue Service.

2. Officer Rogers is conducting an investigation into respondent's assets for collection of his unpaid personal tax liabilities for the years 2003 and 2006, and civil penalties for quarters ending June 30, September 30 and December 31, 2007.

3. On January 6, 2011, Officer Rogers, in furtherance of his investigation, issued a summons directed to respondent. Officer Rogers served an attested copy of the summons on respondent by leaving it with respondent at his last and usual place of abode. The summons required respondent to appear before Officer Rogers on January 18, 2011, to produce for examination his books, papers, records, and other data as described in the summons from which the IRS can determine respondent's assets for collection of his unpaid personal tax liabilities for the years 2003 and 2006, and civil penalties for quarters ending June 30, September 30 and December 31, 2007, and to testify generally about those records and generally about his income.

Respondent appeared on January 28, 2011, in response to the summons. Respondent stated he would not provide the summoned documents or information. Respondent stated he would provide a payment of $50,000 toward any outstanding liability and would set up a payment plan to pay the remaining liability. The Government's petition stated that to date, respondent has not provided any payment toward his outstanding liability.

5. The testimony, books, records, papers and other data sought by the summons are necessary to properly determine the federal tax liabilities of respondent for the collection of his personal tax liabilities for the years 2003 and 2006 and civil penalties for quarters ending June 30, September 30 and December 31, 2007.

6. The books, papers, records, and other data sought by the summons are not already in the possession of the IRS.

7. All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.

8. There has been no referral made by the IRS to the Department of Justice for criminal prosecution of respondent.

## II. Internal Revenue Service Summons

The IRS may issue a summons in order to inquire into any offense connected with the administration or enforcement of the internal revenue laws. 26 U.S.C. § 7602(b). In order to establish a prima facie case for enforcement of a summons, the Government must make a "minimal showing" that (1) the summons is for a legitimate purpose, (2) the material being sought is relevant to the investigation, (3) the information is not already in the IRS's possession, and (4) the administrative steps required by the Internal Revenue Code have been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964). Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make a prima facie case. United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir. 1990); United States v. Will, 671 F.2d 963,966 (6th Cir. 1982).

Once the Government establishes a prima facie case for enforcement of a summons, the burden shifts to the respondent to show that the summons was issued for an improper purpose or was otherwise deficient. United States v. Abrahams, 905 F.2d at 1280; United States v. Beacon

Federal Savings & Loan, 718 F.2d 49, 52 (2d Cir. 1983). In contrast to the Government's "minimal burden" to make out a prima facie case, the party resisting the summons bears a "heavy" burden of disproving the IRS assertion. United States v. Abrahams, 905 F.2d at 1280.

  Based on the declaration of Officer Rogers, the Court finds that the IRS has made out a prima facie case for enforcement of the summons. By means of Officer Rogers' declaration, the IRS has clearly made the minimal showing necessary to satisfy its threshold burden that the Powell requirements were met. The declaration states that (1) the information sought is necessary for the collection of unpaid tax liabilities of respondent for the years 2003 and 2006 and to determine civil penalties for quarters ending June 30, September 30 and December 31, 2007; (2) the information sought is material and necessary since it will show whether any assets of the taxpayer are available to satisfy the tax liability for those periods mentioned above; (3) the information is not already in the possession of the IRS; and (4) the administrative steps required by the Internal Revenue Code have been followed. Therefore, the IRS is entitled to an order for enforcement of this summons, unless the respondent can show the summons was issued for an improper purpose or was otherwise deficient. United States v. Abrahams, 905 F.2d at 1280. As noted previously, respondent has clearly not demonstrated that the summons was issued for an improper purpose or was otherwise deficient.

### III. Conclusion

  The undersigned finds that the IRS has made out a prima facie case for enforcement of the summons and that respondent has failed to show that the summons was issued for an improper purpose or was otherwise deficient. Therefore, it is

  RECOMMENDED that the Court, after making its own independent review of the record, enter an order directing compliance with the summons on a date and at a time agreed upon by Officer Robert E. Rogers and respondent Danieal H. Miller, but not later than thirty days after service of an order directing compliance with the summons upon respondent. It is further

  ORDERED that the Clerk of the Court forward a copy of this Report and Recommendation to respondent Danieal H. Miller at 720 W. Sexton Road, Columbia, Missouri 65203-2404.

All parties and counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to the Report and Recommendation. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 8th day of May, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

5

Case 2:11-mc-09010-NKL   Document 20   Filed 05/08/12   Page 5 of 5